IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SYLVESTER E. MORAN, ET AL. | * | |
| v. | * | Civil Case No. CCB-09-2106 |
| MOUNTAINEER INVESTMENTS, LLC | * | |
| | * | |

\*\*\*

## **MEMORANDUM**

Various motions are pending in this case brought under the Maryland Secondary Mortgage Loan Law ("SMLL"), Md. Code. Ann., Com. Law § 12-401 *et seq.*, and the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1641(d). Oral argument was heard August 11, 2010, during which defendant Mountaineer Investments, LLC ("Mountaineer") withdrew its motion to join Congressional Funding, Inc. ("CFI"). The motions filed by Sylvester E. Moran and Nancy M. McNeill-Moran ("the Morans") will now be denied, and Mountaineer's cross-motion for summary judgment will be granted, as the plaintiffs' claim is barred by a valid release.

As discussed thoroughly in the parties' papers and at the hearing, on September 23, 2001, the Morans signed a release in exchange for a loan modification agreed to by Master Financial Inc. ("MFI"), the company which was then handling their mortgage loan. MFI had received the mortgage by assignment from CFI on or about July 14, 1997, the date the Morans closed on the loan with CFI. For purposes of this opinion, it is assumed the initial loan is subject to both SMLL and HOEPA.

The release signed by the Morans in 2001 applied both to MFI and its "assigns." It provided that the plaintiffs "forever" released MFI, including its assigns, from "any and all

1

claims," "now existing or hereafter arising," "whether known or unknown," including but not limited to those arising out of or related to any claim that MFI promised to advance loans or extend credit to the plaintiffs. (Mountaineer Mem. Ex. 13.) Some years later, in December 2005, the loan was sold to Mountaineer, and the Morans were advised of the sale. (Mot. for Leave to Amend Ex. 2.) This suit was filed in July 2009, in Baltimore City Circuit Court, and removed here.

The release signed by the Morans is a contract to be interpreted objectively under Maryland law. *Eaglehead Corp. v. Cambridge Capital Grp., Inc.*, 170 F. Supp. 2d 552, 559 (D. Md. 2001). It covers any claim they may have had against MFI as of 2001 arising out of the loan transaction, which would include a claim under SMLL. Maryland law also permits enforcement of a release that includes later-discovered injuries. *Bernstein v. Kapneck*, 430 A.2d 602, 609 (Md. 1981); *see also Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 911 (D. Md. 2009). Without conceding that the release barred claims through 2001, the plaintiffs focused their argument on the contention that the release did not cover the continuing collection of allegedly illegal payments from the Morans by MFI or its successor Mountaineer after September 2001.

The Morans' argument, however, is not persuasive. First, it relies on a portion of the Court of Special Appeals' opinion in *Crowder v. MFI*, 933 A.2d 905, 919 (Md. Ct. Spec. App. 2007), where that court applied a three-year statute of limitations to SMLL claims but, contrary to the opinion of Judge Smalkin on this court,[1] held that a new cause of action under the SMLL accrued with each payment collected by the mortgage holder. The Court of Appeals, however, concluded that a twelve-year "other specialty" statute of limitations applied to claims under the SMLL, rather than the three-year statute. *MFI v. Crowder*, 972 A.2d 864, 875-76 (Md. 2009). Nothing in that court's opinion suggests that a new claim with a new 12-year limit would arise

---

[1] *See Miller v. Pacific Shore Funding*, 224 F.Supp.2d 977, 990 (D. Md. 2002).

with each payment. As there is no dispute that the claim initially accrued when the plaintiffs received their closing documents on the day the loan closed, and thereby knew (or are deemed to have known) the facts on which their SMLL claim is based, it appears they released that claim in September 2001 within the statute of limitations and no new claims accrued thereafter.

Second, even if a new claim did accrue with future payments, it would nonetheless arise out of and depend upon the same facts that would have supported a SMLL claim in 2001. Indeed, any new claim would have been "known" to the plaintiffs at the time they signed the release, because the loan modification agreement expressly contemplated further (allegedly illegal) payments to MFI based on the mortgage loan entered into in 1997. Therefore, the 2001 release would bar this suit even under the Court of Special Appeals' holding.

Finally, the Morans filed a motion asking the court "to take judicial notice of adjudicative facts," which counsel orally suggested formed the basis for application of judicial estoppel. As thoroughly detailed in the defendant's motion to amend, which was granted, the assignment to Mountaineer from MFI, recorded in February 2006, contained an erroneous date of assignment. Without being able to suggest any way in which this error could have benefited Mountaineer (or for that matter MFI), counsel argued that the court should take judicial notice of the "knowing" recording of a "backdated" assignment and thereby apply judicial estoppel[2] to find in the

---

[2] Application of judicial estoppel generally requires the following:

> First, the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation. The position at issue must be one of fact as opposed to one of law or legal theory. Second, the prior inconsistent position must have been accepted by the court. Lastly, the party against whom judicial estoppel is to be applied must have intentionally misled the court to gain unfair advantage. This bad faith requirement is the determinative factor.

*Whitten v. Fred's, Inc.*, 601 F.3d 231, 241 (4th Cir. 2010) (quoting *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007).

3

plaintiffs' favor on this claim. To the extent this argument can be understood, it is not persuasive.

A separate Order follows.

<u>August 13, 2010</u>  /s/
      Date                                                  Catherine C. Blake
                                                          United States District Judge